# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**  Case No. 6:05-cr-5-Orl-28KRS

**LUKE T. AMORESANO**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **PETITION FOR TIME CREDIT AND/OR MODIFICATION OF SENTENCE (Doc. No. 44)**
>
> **FILED:** September 24, 2007
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the petition be **DISMISSED**.

> **MOTION:** **APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. No. 42)**
>
> **FILED:** September 24, 2007
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

| | |
|---|---|
| **MOTION:** | **MOTION FOR APPOINTMENT OF COUNSEL (Doc. No. 45)** |
| **FILED:** | **September 24, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Defendant Luke Amoresano pleaded guilty and was sentenced by this Court to a term of thirty-three months' imprisonment, which was subsequently reduced to twenty-one months' imprisonment. Doc. No. 23, 28, 39. Judgment was entered on May 3, 2005. R. 30.

Amoresano has now filed a Petition for Time Credit and/or Modification of Sentence, and he asks that this Court allow him to proceed *in forma pauperis*. In his petition, Amoresano states that after he was sentenced by this Court, he was sentenced by a New York state court to thirty-six months' imprisonment to run concurrent to his federal sentence. He served his state sentence in a state correctional facility. Thereafter, he was transferred to the federal Bureau of Prisons (BOP), where he is awaiting designation to a facility. He complains that the BOP will not give him credit for the time served in state custody. Accordingly, he asks that this Court "grant him a 'nunc pro tunc' time credit," which would result in his immediate release.

The BOP has the authority to decide whether the New York state correctional facility where Amoresano served his state sentence should be designated as the place of federal confinement *nunc pro tunc*. *See McCarthy v. Doe*, 146 F.3d 118 (2nd Cir. 1998). However, the proper method for Amoresano to request relief is first to petition the BOP for a *nunc pro tunc* designation. *Id.* at 123; *Ducasse v. Pugh*, No. CV 306-009, 2007 WL 1576441 (S.D. Ga. May 30, 2007). If the petition is denied, Amoresano may file a petition pursuant to 28 U.S.C. § 2241. The § 2241 petition should be

filed in the Court for the district in which Amoresano is held in custody.[1] *See, e.g., Ortego v. Florida*, 2:06-cv-256-FTM-SPC, 2006 WL 1529551 (M.D. Fla. May 25, 2006).

Accordingly, I respectfully recommend that the Court dismiss Amoresano's Petition for Time Credit And/or Modification of Sentence, and deny the other motions, without prejudice to filing a § 2241 petition in the district of his incarceration after exhausting his administrative remedies.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Orlando, Florida on this 10th day of October, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties
Courtroom Deputy

---

[1] The *McCarthy* cases suggests that an alternative form of relief would be to file a motion to correct the sentence under 28 U.S.C. § 2255. Motions under § 2255 must be filed within one year after the sentence becomes final. 28 U.S.C. § 2255(1). *See Johnson v. United States*, No. 04-213-CG-M, 2007 WL 2028914 (S.D. Ala., July 10, 2007). In this case, because Amoresano did not file a direct appeal from his sentence, the judgment became final sixty days after it was entered. *See* Fed. R. App. P. 4(a). Therefore, any attempt to file a § 2255 motion would be time barred absent facts establishing that the date should be equitably tolled.